UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------x
MALIBU MEDIA, LLC,

                     Plaintiff,

    – against –

JOHN DOES 1-5,

                    Defendants.
------------------------------------------x

**OPINION**

12 CV 2951

      Plaintiff Malibu Media brings this suit against John Doe 4 for copyright infringement and contributory copyright infringement pursuant to the United States Copyright Act, 17 U.S.C. §101. John Doe 4, appearing <u>pro se</u>, has not yet been served with the complaint as Malibu Media has been unable to identify him beyond determining his Internet Protocol ("IP") address. Nonetheless, John Doe 4 moved on July 2, 2012 to proceed anonymously, dismiss this case for improper joinder of defendants, and for a protective order preventing Internet Service Providers from disclosing his identity to Malibu Media.

<u>Motion to Proceed Anonymously</u>

      This court concludes that John Doe 4 should be allowed to litigate anonymously given the significant risk that owners of IP addresses are not the copyright infringers, and that the material involved is "MaryJane Young Love."

1

See Next Phase Distrib., Inc. v. Does 1-138, No. 11 Civ. 9706 (KBF), 2012 WL 691830, at *2 (March 1, 2012).

Motion to Dismiss

John Doe 4's motion to dismiss for improper joinder is denied as moot because all other defendants in this case have been dismissed.

Motion for a Protective Order

Finally, John Doe 4's motion for a protective order to prevent Internet Service Providers from providing Malibu Media with identifying information associated with his IP address is denied.

On April 30, 2012, this court issued an order allowing Malibu Media to serve third party subpoenas on specified Internet Service Providers for the purpose of obtaining information with which to identify the John Does.

Fed. R. Civ. P. 26(c) allows courts to issue orders to "protect a party or person from annoyance, embarrassment, oppression or undue burden or expense." Courts must weigh the need of the party seeking the discovery against undue hardships from allowing the discovery. See In re Initial Public Offering Secs. Litig., 220 F.R.D. 30, 36 (S.D.N.Y. 2003). But since there is a presumption of admissibility for relevant evidence, the party seeking protection bears the burden of proof for a Rule 26(c) order. See Condit v. Dunne, 225 F.R.D. 100, 106 (S.D.N.Y. 2004).

2

In this case, the information sought, John Doe's identity, is clearly relevant to the case. It is also necessary because it is Malibu Media's only available means of identifying John Doe 4 and thus serving the complaint on him. See John Wiley & Sons, Inc. v. Doe Nos. 1-30, 284 F.R.D. 185, 191 (S.D.N.Y. 2012). By contrast, John Doe 4's justification for a protective order is insufficient. He makes an unsubstantiated allegation that Malibu Media is engaging in a predatory scheme, and argues that there is no basis for assuming that the owner of the IP address was the individual who committed the violation. These allegations are insufficient to prevent the plaintiffs from obtaining the information needed to proceed with the case. See Id. at 191. John Doe 4 however is free to raise these allegations as a basis for his defense later on in the litigation.

So Ordered

Dated:  New York, New York
        February 25, 2013

Thomas P. Griesa
U. S. District Judge

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/27/13